72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James W. EDGIN, Plaintiff-Appellant,
v.
Dr. Robert PORTER, Lake County Sheriff, Jail Warden, et al.,
Defendants-Appellees.
 No. 94-2376.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1995.*
Decided Dec. 1, 1995.
 
 Before FLAUM, MANION, and Diane P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 From October 25, 1993 to October 29, 1993, James W. Edgin was held at the Lake County Jail in Lake County, Indiana, to attend a post-conviction proceeding. He filed a civil rights suit pursuant to 42 U.S.C. Secs. 1981, 1983, 1985, 1986 and 1988, against jail officials on the grounds that they violated his Eighth Amendment rights by depriving him of his nitroglycerin pills, which he needed due to his heart condition.[1] The district court granted summary judgment to the defendants and entered a separate final judgment.[2] We affirm.
 
 
 2
 Along with the motion for summary judgment, the defendants filed an affidavit by J. Michael Pancini, the Assistant Director of the Health Services Division of the Lake County Jail. Pancini stated in his affidavit that at an unspecified date, Edgin's pills were temporarily taken away because of a policy against allowing prisoners to keep glass bottles. According to the affidavit, when Edgin informed Pancini and others of his condition, "Dr. Porte" [sic] was consulted. The doctor instructed them to give the prisoner two nitroglycerin pills in an envelope to carry with him and to renew the procedure each day as necessary. The progress notes, written physician's orders and nurse's notes for October 25 and 26, 1993 corroborate these assertions. The progress notes refer to Edgin's heart medications on October 25, 1993, and to his concerns about his glass bottle of nitroglycerin the next day. After each reference, the progress notes say "see order." According to the physician's orders, the physician prescribed "Nitrobid"[3] from Edgin's own supply on the first day and "nitroglycerin" from that supply on the second day. The nurse's notes for October 25 indicate that after conferring with the "FNP on call," the inmate was given his "bottle" of nitroglycerin.
 
 
 3
 Edgin must show that the prison officials acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-05 & n. 10 (1976); see Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994) (stating elements of Eighth Amendment violation). "Deliberate indifference" means that the prison officials knew of and disregarded a risk of serious harm. Del Raine v. Williford, 32 F.3d 1024, 1032 (7th Cir.1994). In response to the motion for summary judgment, which was supported by an affidavit and hospital records, Edgin needed to supply some evidence demonstrating the existence of a genuine issue of material fact. Fed.R.Civ.P. 56(e). Furthermore, the defendants moved for summary judgment on the basis of the lack of evidence of deliberate indifference. Thus even if they failed to supply evidence, Edgin, who would bear the burden of proof at trial, was required to supply sufficient evidence to establish the existence of that element. Celotex Corp., 477 U.S. at 324-25.
 
 
 4
 However, Edgin supplied no evidence of his own in response. Instead, he claimed that Pancini's affidavit should be disregarded because it referred to an "envelope" and a policy against permitting glass bottles, while the nurse's notes state that a "bottle" was returned. On appeal, Edgin simply asserts that the defendants lied and that they never returned his medication until the end of his stay. The references to delivering the medication in an envelope or a bottle, albeit a factual conflict, do not create a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The medical records indicate that after a consultation, he received nitroglycerin on the day of his arrival and that more was prescribed for him on the following day. Given the absence of evidence to demonstrate deliberate indifference, summary judgment was proper.
 
 
 5
 As for the denial of the request for appointed counsel, Edgin attempted to show that he had tried to obtain counsel by providing letters that he had sent to attorneys concerning some other matter years before he even visited the Lake County Jail. The district court properly refused on the grounds that Edgin failed to make the threshold showing that he had first attempted to obtain counsel on his own. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995). Finally, the district court did not abuse its discretion by not waiting to hold an evidentiary hearing before ruling on the motion for summary judgment. Edgin neither asserted in his response the need for additional discovery, nor included a supporting affidavit demonstrating that need. Fed.R.Civ.P. 56(f); see Wallace v. Tilley, 41 F.3d 296, 303 (7th Cir.1994); King v. Cooke, 26 F.3d 720, 725-26 (7th Cir.1994), cert. denied, 115 S.Ct. 1373 (1995).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Edgin has not cited Secs. 1981, 1985, 1986 and 1988 since he mentioned them in the jurisdictional portion of his pre-printed Sec. 1983 form. Neither the complaint, nor the record support them. Thus, we will not address them separately
 We also note that the Lake County Sheriff has failed to file an Appellee's Brief. The defendants-appellees were ordered to show cause by May 26, 1995, for why this case should not be decided without the filing of a brief and without oral argument pursuant to Circuit Rule 31(d). The order to show cause was suspended when the other defendants-appellees responded, although the sheriff did not. He has neither filed a brief, nor indicated any desire to do so after the issuance of the Rule 34(f) notice. We are proceeding without the benefit of his brief. Cf. Cir.R. 31(d).
 
 
 [2]
 Although the Lake County Sheriff did not move for summary judgment, the district court could grant summary judgment to him because the other defendants' arguments applied equally well to him and Edgin had an opportunity to argue in opposition. Kennedy v. Children's Serv. Society of Wisconsin, 17 F.3d 980, 983 n. 1 (7th Cir.1994); see Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)
 
 
 [3]
 "Nitrobid" is a brand name for nitroglycerin. The PDR Family Guide to Prescription Drugs at 459-60 (2d Ed.1994); see Mukesh Mehta, PDR Guide to Drug Interactions, Side Effects, Indications, at 717 (49th Ed.1995)